UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                10 Cr. 516 (SHS)

 Against

JOHN WHITE

      Defendant.
_____

      MEMORANDUM IN OPPOSITION TO GOVERNMENT'S
          MOTION IN LIMINE

                 Donald D. duBoulay
                 Attorney for John White
                 401 Broadway 25th fl.
                 New York, New York 10013
                 (212) 966-3970

## Preliminary Statement

Defendant, John White, respectfully submits this memorandum of law in opposition to the Government's motion *in limine* seeking various evidentiary rulings, primarily under Rule 404 (b) of the Federal Rules of Evidence. The Government categories the evidence in five groups (i) the defendant's alleged misrepresentations that he was a disabled veteran in connection with obtaining insurance for Mitsubshi Construction Corporation (MCC); (ii) purported false claims in MCC corporate formation and other documents that persons are owners and officers of MCC including the defendant's unauthorized use of the signature of a person allegedly falsely described as MCC's corporate secretary; (iii) efforts by the defendant to convince two former MCC employees to offer testimony or disseminate information claiming that one Ennis was an owner of MCC; (iv) misrepresentation about schools the defendant attended that were on resumes submitted to the VA and Army in connection with the contracts at issue; and other misrepresentations on defendant's résumé and in other materials submitted in connection with the contracts at issue, including that defendant worked with the automaker Mitsubishi and had permission to use that company's corporate logo. As discussed more fully herein, defendant White opposes most of the Government's requests and moves *in limine* for their exclusion. We will discuss defendant's objections below.

## Argument

### A. The Proffered evidence is not Direct evidence of the crimes charged

The Government leads with, and focuses on the argument that the proposed evidence is not in fact 404(b) evidence at all but, rather "direct evidence of the instant offenses" (Gov't motion, p. 4.). The gist of the government's allegations are that the defendant misrepresented himself as a veteran with an aim to obtain business from the government, and in doing so intended to cause government contracting agents to rely on his misrepresentations.

The Government offers a slew of marginally related documents and tangential conversations which have almost nothing to do with the bidding or solicitation process to establish the offenses charged in the Indictment. Other act evidence is admissible for purposes other than to show criminal propensity "as long as it is relevant to some disputed issue at trial' and satisfies the probative-prejudice balancing test of Fed.R.Evid. 403." *United States v. Brennan*, 798 F.2d 581,589 (2d Cir. 1986). Thus, in considering the admissibility of such evidence,

2

the Court should consider whether (1) the evidence is being offered for a proper purpose, (2) the evidence is relevant to a material issue in dispute, and (3) the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. See, *Huddleston v. United States*, 485 U.S. 681, 691-692 (1988).

     Among the documents and statements, the Government seeks to introduce into evidence are the defendant's resume, corporate bios, statements that defendant never attended certain schools, or was not employed at Mitsubishi Heavy Industries (MHI), evidence that an accounting firm referred to in company documents did not exist and hearsay conversations with employees regarding his veteran status.  None of the above statements or documents were relied upon by Government contracting agents or even heard or seen by Government agents who make the decision to award contracts. As such these statements and documents are marginally relevant, if relevant at all and serve no purpose except to confuse the jury about the real issue in the case and paint the defendant as a person of bad character whose actions in this case are in conformity therewith.

     The admission of much of the Government's proffered evidence, would ignore a "common sense precaution which should clearly be taken…to limit the prosecutor's presentation to such facts…as are reasonably necessary to prove the point for which the evidence is admitted, and to exclude unsavory details which go beyond what is necessary to make the point" *United States v. Williams*, 585 F.3d 703,708 (2d. Cir 2009) (internal citations omitted). In this case the Court should be mindful of the risk to a fair trial and the undue prejudice that can result when the "minute peg of relevancy is entirely obscured by the dirty linen hung upon it." *United States v. Bradwell*, 388 F.2d 619,622 (2d Cir 1968). Thus the Court should exclude the admission of evidence of statements and documents not relied upon by the government contractors when assessing the defendant's application for business from the Government.

     B. <u>Evidence of activity that bears no nexus to the crimes charged is inadmissible under Rule 404(b)  and should be excluded</u>

     The Government is correct that the Second Circuit follows the "inclusionary" approach to Rule 404(b) evidence. (Gov't Motion, p.13). The inclusionary approach, however does not give the Government carte blanche to introduce evidence designed to prove the defendant's bad character or criminal propensity simply by proposing a permissible but pretextual purpose for the evidence. <u>See</u> United States v. DiCarlo, 131 F.Supp. 2d 537, 538-39 (S.D.N.Y. 2001).

Rule 404(b) of the federal Rules of Evidence states that, with certain limited and enumerated exceptions that demonstrate a specific nexus with the crime charged, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."Fed.R. Evid. 404(b).  The trial court "has broad discretion" in deciding whether or not to admit '''other crimes' evidence under Rule 404(b),"*United States v. Rosa*, 11F.3d 315,333-334 (2d Cir. 1993), and '[t]he Government has the burden of demonstrating the admissibility of evidence under Rule 404(b)," *United States v. Nachamie*, 101 F.Supp.2d 134,134,137 (S.D.N.Y.2000).  It is respectfully requested that pursuant to Rule 403, the Court exclude the proffered evidence, of statements and documents that was not directly provided to the Government contracting officers, considering the defendant's bid for Government construction business.

        Respectfully submitted,

        /s/
        Donald D. duBoulay
        Attorney for Defendant John White

Cc: Alvin L. Bragg, Esq. AUSA (via ECF)
    John White