**Donald D. duBoulay**                                     401 Broadway, 25th **Floor**
 Attorney at Law                                              New York, NY 10013

Telephone: (212) 966-3970
Fax:          (212) 941-7108
E-mail:    dondubesq@aol.com

                                                                        April 18, 2011

Honorable Sidney H. Stein
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

 Re: United States v. John White
            10 Cr. 516 (SHS)

Dear Judge Stein:

      I write in opposition to the request of the Government that the defense be precluded from arguing to the Jury that (i) representatives of the United states Department of Veterans Affairs and/or United States Department of the Army ("GCA's) were negligent in failing to discover that the defendant was not a United States veteran or a service disabled veteran; and (ii) Agencies were not actually deceived by or did not actually rely on, allegedly fraudulent representations made by the defendant.

      The Government's application should be denied en toto.  The defendant does not seek to 'blame the victim' of the alleged offenses charged in this Indictment. Rather the defendant seeks to reveal the process by which the solicitations and awards of contracts are made and the actions of all the actors involved which if left uncommented upon makes the government's argument of intentional fraudulent misrepresentations on the part of defendant easier for the government to assert and almost impossible for the defendant to challenge or defend, and would deny the defendant a fair trial of the facts (as they undoubtedly exist) of this case. The denial of the defendant's ability to argue that government Contract officers did not review documents lawfully required to be reviewed by them before awarding contracts would unfairly not allow defendant to rebut the elemental requirement that he intentionally misrepresented facts to the government to obtain the contracts in question.

      In *United States v. Thomas,* 377 F.3d 232 (2d Cir. 2004), the district court prohibited the defense counsel from <u>extended</u>  (emphasis supplied) examination of a Pastor of a small Southern church, about what actions he took after he discovered his bank had not received the funds promised by the defendant in that case. In the circumstances of that case, the Thomas court upheld the court's discretionary decision to proscribe the defense attorney's questioning so as not to enable him to take advantage of the choice of a 'gullible victim'.

The facts and circumstances in the case at bar here are entirely different from the situation in *Thomas*.  The Federal Government is not a "vulnerable victim". The Government Contract officers belong to a sophisticated organization entrusted to procure services from vendors. The agency is staffed with experienced people and attorneys with a duty to submit solicitations for services and to obtain and review the statements obtained in response thereto, before awarding contracts. Examination and comment thereon is appropriate and proper in the defense of a criminal trial based upon the alleged misrepresentations made to the government to induce the government to award the contracts that are the subject of a criminal prosecution.

Wherefore it is respectfully requested that the defense not be prohibited from making fair comment about any evidence or lack thereof in this case and also concerning the solicitation and awarding of the contracts in question.

    Very truly Yours,

    Donald D. duBoulay

Cc: Alvin Bragg (via ECF)