# MANDATE

12-3866-cr
United States v. White

N.Y.S.D. Case #
10-cr-0516(SHS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
 RICHARD C. WESLEY,
 PETER W. HALL,
  *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 17, 2013

UNITED STATES OF AMERICA,

 *Appellee*,

 -v.-   No. 12-3866-cr

JOHN RAYMOND ANTHONY WHITE,

 *Defendant-Appellant.*


FOR APPELLEE:  ALVIN BRAGG, JR., Assistant United States
 Attorney (Brent S. Wible, Assistant
 United States Attorney, *on the brief*),
 *for* Preet Bharara, United States Attorney
 for the Southern District of New York.

FOR APPELLANT:  LAWRENCE RUGGIERO, New York, NY.

MANDATE ISSUED ON 09/17/2013

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Defendant-appellant John White appeals from a September 20, 2012 judgment of conviction entered by the United States District Court for the Southern District of New York (Stein, *J.*) following a jury trial. We assume the parties' familiarity with the facts and procedural history of the case.

White was convicted on five counts associated with making false statements in connection with applications for government contracts set aside for veterans and one count of witness tampering. He argues primarily that the district court's admission of certain evidence was improper under Federal Rules of Evidence 403 and 404(b). "We review evidentiary rulings for abuse of discretion." *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). "To find such abuse, we must conclude that the trial judge's evidentiary rulings were arbitrary and irrational." *Id.* (internal quotation marks omitted). Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted

1   in accordance with the character.  Fed. R. Evid. 404(b)(1).
2   Such evidence may, however, be admitted for other purposes,
3   such as proving intent or knowledge.  Fed. R. Evid.
4   404(b)(2); see also Mercado, 573 F.3d at 141.
5       After careful review, we conclude that the disputed
6   evidence was properly admitted.  Although White had
7   stipulated that he was not a veteran, he did not stipulate
8   as to his knowledge or intent in making the statements
9   associated with the contracts or contract applications that
10  formed the basis for the indictment.  The district court did
11  not abuse its discretion in determining that statements by
12  White in other contexts regarding his supposed veteran
13  status were relevant to the issues of knowledge and intent,
14  particularly where the evidence was admitted with limiting
15  instructions to the jury.
16      White also asserts that various statements made by the
17  Government in summation were improper.  Particularly where,
18  as here, no contemporaneous objection was made to statements
19  in summation, we remand for a new trial only where such
20  statements "amount to flagrant abuse" which "seriously
21  affects the fairness, integrity, or public reputation of
22  judicial proceedings."  United States v. Carr, 424 F.3d 213,

```
1   227 (2d Cir. 2005) (internal quotation marks omitted).  We
2   see no such abuse here.  Indeed, White does not identify any
3   specific remark by the Government that ostensibly meets this
4   standard.  Instead, his arguments regarding summation amount
5   to a generalized attack on the Government's case, and on the
6   fact that the summation included references to the evidence
7   he contends was improperly admitted in the first place.  We
8   find no misconduct in the prosecution's summation.
9       We have considered all of White's arguments and find
10  them to be without merit.  For the reasons stated above, the
11  judgment of the district court is **AFFIRMED**.
12                              FOR THE COURT:
13                              Catherine O'Hagan Wolfe, Clerk
14
15
```

*[Signature: Catherine O'Hagan Wolfe, with Second Circuit Court of Appeals seal]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[Signature: Catherine O'Hagan Wolfe, with Second Circuit Court of Appeals seal]*